IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHOTTENKIRK AUTOMOTIVE, INC.,

      Plaintiff,

v.

GENERAL MOTORS LLC and CANTON
MOTOR SALES, INC. d/b/a MOORE
BUICK GMC,

      Defendants.

CIVIL ACTION NO.

1:12-cv-2201-JEC

## O R D E R  &  O P I N I O N

This case is before the Court on defendant General Motors LLC's ("GM") Motion for Leave to File Documents Under Seal [2], defendant GM's Motion to Consolidate [6], plaintiff's Motion to Remand [13] and Renewed Motion to Remand [26], plaintiff's Motion to Stay Deadlines and Discovery [20], defendant GM's Motion for Leave to File Sur-reply [27], defendant GM's Motion for an Order Setting a Status Conference [33], and defendant GM's Motion to File Supplemental Authority in Support of Consolidation [34].

The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that GM's Motion for Leave to File Documents Under Seal [2] should be **GRANTED as unopposed**, GM's Motion to Consolidate [6] should be **GRANTED**,

plaintiff's Motion to Remand [13] should be **DENIED as moot** and Renewed Motion to Remand [26] should be **DENIED**, plaintiff's Motion to Stay Deadlines and Discovery [20] should be **DENIED as moot**, GM's Motion for Leave to File Sur-reply [27] should be **DENIED**, GM's Motion for an Order Setting a Status Conference [33] should be **DENIED**, and GM's Motion to File Supplemental Authority [34] should be **DENIED**.

## BACKGROUND

This case arises out of defendant GM's refusal to approve an Asset Purchase Agreement (the "APA") between plaintiff and defendant Canton Motor Sales, Inc. ("Canton"). (Compl. at ¶¶ 12-23, attached to Notice of Removal [1] at Ex. 5.)  GM claims that the APA conflicts with an option provision in a Settlement Agreement executed by GM and Canton in conjunction with GM's prior bankruptcy. (Notice of Removal [1] at ¶ 3.)  When GM obtained notice of the pending APA, it filed a federal action against plaintiff and Canton to enforce the Settlement Agreement. *General Motors LLC v. Canton Motor Sales, Inc. d/b/a Moore Pontiac Buick GMC Truck, et al.* (the "General Motors action"), Civil Action No. 1:12-cv-1994-JEC (N.D. Ga. June 8, 2012).  The General Motors action was assigned to this Court. *Id.*

Approximately ten days later, plaintiff filed this case in the Cherokee County Superior Court. (Notice of Removal [1] at ¶ 4.)  GM removed the case on the bases of diversity and federal question

2

jurisdiction, and the case was assigned to Judge Totenberg. (*Id*. at 5-12.)  Upon her review of the complaint, Judge Totenberg found that the case was "substantially intertwined" with the facts and issues raised by the General Motors action, and transferred the case to this Court.  (Order [4] at 2.)

Some background is necessary to understand the parties' relative interests in the pending litigation.  During GM's bankruptcy, certain GM dealers, including Canton, were selected for removal from GM's dealer network.  (Def. GM's Answer [11] at 21.)  By order of the bankruptcy court, these dealers were allowed to "wind-down" their businesses over time as an alternative to outright termination.  (Notice of Removal [1] at ¶ 1.)  Congress subsequently enacted legislation giving each wind-down dealer the opportunity to arbitrate whether it should be allowed to rejoin the GM dealer network.  (*Id*. at ¶ 2.)  Rather than arbitrate that issue, Canton entered into the Settlement Agreement.  (*Id.*)  Among other things, the Settlement Agreement gives GM the option to purchase designated dealership assets in the event that Canton fails to meet minimal performance benchmarks in 2011.  (*Id.*)

GM claims that Canton failed to meet the 2011 benchmarks set out in the Settlement Agreement.  (*Id.* at ¶ 3.)  On June 5, 2012, GM provided written notice to Canton that it intended to exercise its option to purchase the dealership assets pursuant to the Agreement.

(Def. GM's Answer [11] at 25.)  When Canton refused to commit to the sale, GM filed the General Motors action seeking to enforce the Agreement.  (*Id*. at 26-27.)  Assuming GM prevails, it will be able to purchase the dealership assets for approximately $134,986.  (Compl. [1] at ¶ 21.)

In April, 2012, just prior to GM's decision to exercise the Settlement option, Canton entered into the APA with plaintiff.  (*Id*. at ¶ 12.)  Pursuant to the APA, Canton agreed to sell the dealership to plaintiff for approximately $3.2 million.  (*Id*. at ¶¶ 7-12.)  Plaintiff agreed in the APA to continue to operate the dealership in accordance with Canton's expressed desire for the dealership to remain an active and productive member of the Canton, Georgia community.  (*Id*.)  Both plaintiff and Canton worked diligently to obtain GM's approval of the APA.  (*Id*. at ¶¶ 13-20.)  When GM instead sought to exercise its option rights under the Settlement Agreement, plaintiff responded by filing this action seeking damages and enforcement of the APA under various state law theories.  (Compl. [1] at 17.)

In its complaint, plaintiff names GM and Canton as defendants. (*Id*. at ¶¶ 32-63.)  However, the only relief that plaintiff seeks against Canton is a declaratory judgment approving the APA as a matter of law and an injunction specifically enforcing its terms. (*Id*. at 17.)   GM has filed an Answer in which it asserts

4

counterclaims against plaintiff and cross-claims against Canton. (Def. GM's Answer [11].)  Canton has answered GM's cross-claims, but has not answered and does not contest the allegations in plaintiff's complaint.  (Def. Canton's Answer to Cross-Claims [22].)

Plaintiff has filed a motion to remand this case back to the Cherokee Superior Court, and GM has filed a related motion for leave to submit a sur-reply on the remand issue.  (Pl.'s Mot. to Remand [13] and Renewed Mot. to Remand [26] and Def. GM's Mot. for Leave [27].)  In addition, GM has filed a motion to consolidate this case with the General Motors action.  (Def. GM's Mot. to Consolidate [6].) Finally, both parties have filed motions to address discovery deadlines and other administrative matters.  (Pl.'s Mot. to Stay Deadlines and Discovery [20] and Def. GM's Mot. for Order Setting Status Conference [33].)

## DISCUSSION

### I. PLAINTIFF'S MOTION TO REMAND

Pursuant to 28 U.S.C. § 1441(a):

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  A case that is improperly removed to federal court is subject to remand under 28 U.S.C. § 1447.  Remand is

mandatory if "it appears that the district court lacks . . . jurisdiction" over the case. 28 U.S.C. § 1447(c). On a motion to remand for lack of jurisdiction, "[t]he removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. Gen. Fid. Ins. Co.,* 676 F.3d 1310, 1313 n.1 (11th Cir. 2012). Because removal raises significant federalism concerns, the jurisdictional removal statutes are construed strictly. *Id.* Any doubts about jurisdiction are resolved in favor of remand. *Id.*

Remand also may be warranted as a result of a defect in the removal procedure, such as a failure to comply with the time limits or other procedural requirements applicable to a notice of removal under 28 U.S.C. § 1446. 28 U.S.C. § 1447(c). A motion to remand on the basis of a procedural defect must be made within 30 days after the notice of removal is filed. *Id.* Unlike jurisdictional defects, procedural defects are waived if they are not raised in a timely motion to remand. *Ammedie v. Sallie Mae, Inc.,* No. 12-10012, 2012 WL 3100771, at *1 (11th Cir. July 31, 2012). *See also Wilson v. Gen. Motors Corp.,* 888 F.2d 779, 781 n.1 (11th Cir. 1989)(procedural removal defects "may be waived by failure to timely file a motion for remand").

In its notice of removal, GM primarily relies on the diversity removal statute as grounds for asserting federal jurisdiction over

6

this action.  (Notice of Removal [1] at 5-12.)  Alternatively, GM contends that the Court has federal question jurisdiction over the case.  (*Id.*)  Plaintiff argues that neither the diversity nor the federal question provision is satisfied.  (Pl.'s Mem. in Support of Remand ("Pl.'s Remand Mem.") [13] at 9-26.)  In addition, plaintiff claims that GM's notice of removal is procedurally improper because it fails to comply with the unanimity requirement of § 1446(b)(2)(A). (*Id.* at 8-9.)

**A.   The Court Has Diversity Jurisdiction Over This Case.**

Federal district courts have diversity jurisdiction over cases between "citizens of different States" when "the matter in controversy exceeds . . . $75,000."  28 U.S.C. § 1332(a)(1). Plaintiff concedes that the $75,000 amount in controversy requirement of § 1332(a) is met in this case.  (Pl.'s Remand Mem. [13] at 10-26 and Compl. [1].)   However, plaintiff argues that there is no diversity of citizenship because both plaintiff and Canton are citizens of Georgia.   (Pl.'s Remand Mem. [13] at 10.)  *See Underwriters at Lloyd's, London v. Osting-Schwinn,* 613 F.3d 1079, 1093 (11th Cir. 2010)(noting that complete diversity of citizenship is necessary to support removal under § 1332(a)).

Plaintiff further contends that removal on diversity grounds violates § 1441(b)(2).  (Pl.'s Remand Mem. [13] at 11.)  That statute provides:

7

> A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).  Section 1441(b)(2) generally precludes removal based on diversity jurisdiction when "one of the defendants is a citizen of the state in which the suit is filed." *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1332 (11th Cir. 2011).

For jurisdictional purposes, a corporation is deemed to be a citizen of the state in which it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  GM is a Delaware limited liability company with its principal place of business in Michigan.  (Notice of Removal [1] at ¶ 8.)  Canton is a Georgia corporation with its principal place of business in Canton, Georgia.  (*Id.*)  In its initial notice of removal, GM alleged that plaintiff was an Iowa corporation.  (*Id.*)  GM has since amended its notice of removal to reflect plaintiff's incorporation in Georgia on June 25, 2012, one day prior to the date that GM removed this action.[1]  (Am. Notice of Removal [15] at ¶ 8 and Pl.'s Remand Mem. [13] at 10.)

Nevertheless, the Court agrees with GM that the diversity removal requirements of §§ 1332(a) and 1441(b)(2) are met when the

---

[1] Plaintiff's original motion to remand [13] is moot as a result of GM's subsequent amendment to the notice of removal. (Def. GM's Am. Notice of Removal [15].)

8

parties to this case are properly aligned. Although removal statutes are strictly construed, there is a "strong federal preference to align the parties in [accordance] with their interests in the litigation." *City of Vestavia Hills,* 676 F.3d at 1313. As such, federal courts have a duty to look beyond the labels provided in the pleadings and arrange the parties according to their relative interests in the case. *Id.* Those interests are determined not by the designation of plaintiffs and defendants in the complaint, but by "'the principal purpose of the suit'" and "'the primary and controlling matter in dispute.'" *Id.* at 1313-14 (quoting *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)).

The principle purpose of this action is to enforce the APA according to its terms. (Compl. [1] at 17-18.) The primary matter in dispute is whether such enforcement is precluded by the previously executed Settlement Agreement between GM and Canton. (*Id.* and Answer [11].) As to both of these issues, Canton's interests are perfectly aligned with plaintiff's. (Compl. [1] at ¶¶ 13-24.) Realignment of Canton as a plaintiff is therefore necessary. *City of Vestavia Hills,* 676 F.3d at 1313 ("federal courts are *required* to realign the parties in an action to reflect their interests in the litigation")(emphasis added). *See also Larios v. Perdue,* 306 F. Supp. 2d 1190, 1196 (N.D. Ga. 2003)(three-judge panel realigning a

9

defendant whose positions in the case were "wholly consonant with those of the plaintiffs").

Assuming plaintiff's allegations are true, Canton agreed to the terms of the APA after interviewing several potential buyers and determining that plaintiff was "by far the best and most qualified candidate" to assume ownership of dealership. (Compl. [1] at ¶¶ 7-9.)  Once the APA was executed, Canton worked diligently to get the deal approved by GM.  (*Id*. at ¶¶ 13-21.)  In spite of GM's disapproval, Canton "presently wants to sell the Dealership to [plaintiff] pursuant to the terms and conditions agreed upon by the parties pursuant to the APA."  (*Id*. at ¶ 24.)

As a practical matter, Canton will profit substantially from judicial enforcement of the APA.  Under the terms of the APA, Canton will receive approximately $3.2 million for the entire dealership. (*Id.* at ¶ 12.)  On the other hand, Canton will receive only $134,986 for certain dealership assets under the conflicting terms of the Settlement Agreement.  (*Id*. at ¶ 21.)  As GM has not offered to buy the dealership site or building, under the Settlement Agreement Canton will be left with a "vacant and non-functional building and real property."  (Compl. [1] at ¶ 21.)

Throughout the litigation, Canton's alignment with plaintiff has been clear.  Canton has not filed an answer to the complaint, and does not dispute any of plaintiff's allegations.  Instead, Canton's

10

defense has been directed toward the cross-claim filed by GM. (Def. Canton's Answer to Cross-Claim [22].) Canton has joined plaintiff in opposition to GM's motion to consolidate this case with the related General Motors action. (Def. Canton's Resp. to Mot. to Consolidate [16].) Likewise, plaintiff has joined in several of Canton's submissions in the General Motors action, including a motion to dismiss and an opposition to a motion to consolidate. *General Motors, LLC*, Civil Action No. 1:12-cv-1994-JEC (Docket Nos. [28] and [29]).

In spite of the above facts, plaintiff suggests that realignment is improper because it has asserted claims against Canton. (Pl.'s Remand Mem. [13] at 18-19 and Reply [25] at 10.) The only claims that plaintiff has asserted against Canton are for a declaratory judgment deeming the APA approved as a matter of law and for an order requiring Canton to specifically perform its agreement to sell the dealership to plaintiff in accordance with the APA. (Compl. [1] at ¶¶ 53-63.) Canton is not opposed to either type of relief. Indeed, Canton allegedly "wants to sell the Dealership to [plaintiff] pursuant to the terms and conditions agreed upon by the parties pursuant to the APA" but "is being prevented from doing so by the improper actions of GM." (*Id.* at ¶¶ 24, 62.)

Plaintiff also hypothesizes various ways in which Canton could benefit from breaching the APA. (Pl.'s Remand Mem. [13] at 17-18.)

11

For example, plaintiff notes that Canton will receive $134,986 for the sale of its assets if it consents to GM's offer to repurchase the dealership.  (*Id*. at 17.)  While true, this observation obviously fails to account for the fact that Canton will receive $3.2 million if the APA is enforced.  (Compl. [1] at ¶ 12.)  Plaintiff further speculates that GM might award Canton another franchise if Canton is able to "remain[] in GM's good graces" by consenting to GM's offer of repurchase.  (Pl.'s Remand Mem. [13] at 17.)  Plaintiff's prediction is purely speculative and highly unlikely, given Canton's repeated failure to meet performance benchmarks.  (Notice of Removal [1] at ¶¶ 1-3.)

In fact, plaintiff cannot articulate any meaningful way in which its interests diverge from Canton's interests in this case or in the related General Motors action.  Prior to and during the litigation, plaintiff and Canton have been united against GM in their efforts to enforce the APA in contravention to the allegedly conflicting terms of the Settlement Agreement.  Accordingly, the Court **REALIGNS** Canton as a plaintiff in this case.  When the parties are properly aligned, the diversity requirement of § 1332(a) is met and removal is permitted under § 1441(b)(2).  The Court thus **DENIES** plaintiff's

12

renewed motion to remand [26] for lack of subject matter jurisdiction and violation of § 1441(b)(2).[2]

**B.   Removal Was Procedurally Proper.**

Plaintiff argues in the alternative that GM's removal of the case was procedurally improper under 28 U.S.C. § 1446(b)(2)(A). (Pl.'s Remand Mem. [13] at 8-9.) That provision states:

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446(b)(2)(A). Section 1446(b)(2)(A) imposes a unanimity requirement in cases involving multiple defendants. *Hernandez v. Seminole Cnty., Fla.,* 334 F.3d 1233, 1237 (11th Cir. 2003).

GM concedes that it did not obtain Canton's consent to removal. (Def. GM's Resp. [19] at 23-25.) However, GM indicated in the notice of removal that Canton was improperly designated as a defendant in the case and that its interests were aligned with plaintiff and adverse to GM. (Notice of Removal [1] at ¶¶ 12-13.) The unanimity

---

[2] It is not necessary for the Court to consider GM's alternative arguments concerning fraudulent joinder or federal question jurisdiction. (Def. GM's Resp. [19] at 8-13, 18-23.) Likewise, the Court was able to rule on the jurisdiction issue without considering GM's sur-reply. Sur-replies are not favored, and GM's sur-reply was not warranted under the circumstances. GM had ample opportunity to make its jurisdictional arguments in the original round of briefing, as well as an additional round of briefing following the renewed motion to remand. Accordingly, the Court **DENIES** GM's motion for leave to file a sur-reply [27].

requirement of § 1446(b)(2)(A) does not apply to a party that "in reality occupies a position in conflict with that of [the] other defendants." *Premier Holidays Int'l, Inc. v. Actrade Cap., Inc.,* 105 F. Supp. 2d 1336, 1341 (N.D. Ga. 2000)(Moye, J.)("no policy is served by allowing a mislabeled 'defendant' to defeat the true defendants' right to remove the case by withholding its consent").

Based on the parties' relative interests in this case, the Court has realigned Canton as a plaintiff. Under the circumstances, it is unnecessary for GM to obtain Canton's consent to removal. *Id. See also Sinni v. Cullen,* No. 6:08-cv-1787-Orl-31KRS, 2008 WL 4927009, at *1 (M.D. Fla. Nov. 14, 2008)(finding "no need for [plaintiff] to secure [the] consent" of misaligned defendants prior to removal). Plaintiff does not allege any other defect in the removal procedure. Accordingly, the Court **DENIES** plaintiff's renewed motion for remand [26] on the ground that removal was procedurally improper.

## II.   **GM'S MOTION TO CONSOLIDATE**

Defendant GM has filed a motion to consolidate this case with the General Motors action pursuant to Federal Rule 42. (Def. GM's Mot. to Consolidate [6].) Rule 42 permits consolidation of cases that "involve a common question of law or fact." FED. R. CIV. P. 42(a). The Eleventh Circuit has encouraged district courts to "'make good use of Rule 42(a) . . . in order to expedite the trial [of a case] and eliminate unnecessary repetition and confusion.'" *Hendrix*

14

*v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985)(quoting *Dupont v. S. Pac. Co.,* 366 F.2d 193, 195 (5th Cir. 1966). *See also Traylor v. Howard,* 433 Fed. App'x 835, 836 (11th Cir. 2011)(finding consolidation proper where cases simultaneously pending in the same court "involved many of the same parties and issues").

Plaintiff opposes GM's motion to consolidation, and Canton joins in and adopts plaintiff's opposition. (Pl.'s Resp. to Mot. to Consolidate [14] and Canton's Joinder in Opp'n to Consolidation [16].) However, plaintiff does not provide any substantive reasons why the cases should not be consolidated or otherwise address GM's motion on the merits. (Pl.'s Resp. [14] at 3-6.) Rather, plaintiff argues that GM's motion to consolidate should be denied because the Court "lacks subject matter jurisdiction over th[e] action and it is due to be remanded." (*Id.* at 3.)

As the Court has ruled against plaintiff on the remand issue, GM's motion to consolidate is essentially unopposed. Moreover, consolidation is warranted under the circumstances. As Judge Totenberg noted in her transfer order, this case is "substantially intertwined" with the General Motors action such that "[a] judgment in one case would certainly affect the potential outcome of the other." (Order [4] at 2.) Indeed, "[t]he parties are seeking conflicting remedies with respect to the same property in two

15

separate legal actions." (*Id.*) The parties are the same, and the material facts and legal issues raised by the cases overlap significantly, if not entirely. Accordingly, the Court **GRANTS** GM's motion to consolidate [6] this case with the General Motors action.[3]

### III. MISCELLANEOUS MOTIONS

The remaining outstanding motions deal with administrative and discovery issues. Shortly after filing the notice of removal, GM requested permission to submit certain documents under seal [2]. Plaintiff and Canton have not responded to GM's motion. The Court generally is reluctant to seal pleadings and other documents because of the presumption in favor of public access. *See Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1245 (11th Cir. 2007)(discussing the importance of the "common-law right of access to judicial proceedings"). The Court will **GRANT as unopposed** GM's motion to seal [2] in this instance because the documents referenced in the motion pertain to confidential agreements executed during GM's bankruptcy. But the Court cautions both parties that any future motions to seal must be justified by a detailed showing of "good cause." *Id.* at 1246.

---

[3] Again, the Court was able to rule on this issue without considering the supplemental authority offered by GM. Accordingly, GM's motion for leave to submit supplemental authority [34] in support of its motion to consolidate is **DENIED**.

In conjunction with its motion to remand, plaintiff filed a motion for an order staying all deadlines and discovery pending the Court's ruling on the remand issue. (Pl.'s Mot. to Stay [20].) It does not appear that the parties have completed any discovery while the motion to remand was pending, so in effect plaintiff obtained the relief it was seeking. As the Court has now ruled on the motion to remand, plaintiff's motion to stay [20] is **DENIED as moot.**

Finally, GM has filed a motion asking the Court to schedule a status conference to address the timeline and procedure for completing discovery. (Def. GM's Mot. for Status Conference [33].) The discovery deadline in this case currently is scheduled for December 10, 2012. (*Id.* at 1.) To date, plaintiff and Canton have refused to exchange disclosures with GM or to submit a proposed discovery schedule, citing the pending motions in the litigation and the Court's stay order in the related General Motors action. (*Id.* at 3-4.) GM requests a status conference with the Court to discuss the need to initiate discovery and to modify the discovery schedule. (*Id.* at 4.)

The Court does not believe that a status conference is necessary to resolve the above issues. Accordingly, GM's motion for a status conference [33] is **DENIED**. The Court has now ruled on all of the pending motions in the case, and discovery should begin immediately. The discovery deadline, which is set to expire in approximately three

weeks, will likely need to be modified. The Court **ORDERS** the parties to confer and submit a joint proposed discovery plan to the Court by **Friday, December 7, 2012.**

## CONCLUSION

For the foregoing reasons, the Court finds that GM's Motion for Leave to File Documents Under Seal [2] should be **GRANTED as unopposed**, GM's Motion to Consolidate [6] should be **GRANTED**, plaintiff's Motion to Remand [13] should be **DENIED as moot** and Renewed Motion to Remand [26] should be **DENIED**, plaintiff's Motion to Stay Deadlines and Discovery [20] should be **DENIED as moot**, GM's Motion for Leave to File Sur-reply [27] should be **DENIED**, GM's Motion for an Order Setting a Status Conference [33] should be **DENIED**, and GM's Motion to File Supplemental Authority [34] should be **DENIED**.

The clerk is directed to **REALIGN** Canton Motor Sales, Inc. as a plaintiff in this case, and to **CONSOLIDATE** this case with Civil Action No. 1:12-cv-1994-JEC.

The Joint Discovery Plan is due by **December 7, 2012.**

SO ORDERED, this <u>26th</u> day of November, 2012.

<pre>                              /s/ Julie E. Carnes
                              JULIE E. CARNES
                              CHIEF UNITED STATES DISTRICT JUDGE</pre>

18

AO 72A
(Rev.8/82)